UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dawn Thompson,<br><br>      Plaintiff,<br><br>      v.<br><br>Evolve Bank & Trust and<br>PennyMac Loan Services, LLC,<br><br>      Defendants. | Civil Action No.<br>23-11035-MRG |

## MEMORANDUM & ORDER

**GUZMAN, D.J.**

   Plaintiff Dawn Thompson ("Plaintiff" or "Thompson"), proceeding *pro se*, filed this action against Defendants Evolve Bank & Trust ("Evolve") and PennyMac Loan Services, LLC ("PennyMac") (collectively, the "Defendants") in the Worcester County Superior Court on April 14, 2023.  Prior to being served, Defendant PennyMac removed the action to this Court on May 10, 2023 [DKT #1] and subsequently moved to dismiss Thompson's complaint [DKT #7].  In response, Thompson opposed the removal [DKT #12][1] on the grounds that PennyMac's removal maneuver was procedurally improper. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand.

   The Court will rule on Defendants' motions to dismiss (*i.e.,* [DKT #7] (PennyMac's motion) and [DKT #32] (Evolve's motion)) in a separate Memorandum & Order to be published under separate cover.

---

[1] As explained below, this Court has construed Plaintiff's "*Notice of Clarification and Motion to Remand to Superior Court*" [DKT #12] as a motion for remand pursuant to 28 U.S.C. § 1446(b).  Further, since this Court finds that Plaintiff's request for clarification was part and parcel of her motion to remand and because this Court has, throughout, attempted to fully explain the state of affairs plainly, Plaintiff's "Motion for Clarification" [DKT #12] is **DENIED AS MOOT**.

1

## I. RELEVANT BACKGROUND

### A. The Complaint

Plaintiff is a mortgagor. In essence, Plaintiff's eleven (11) count Complaint [DKT #1-1] alleges that Defendant-mortgagee Evolve and Defendant-mortgage servicer PennyMac committed various violations of federal and state law in the context of both the origination of Plaintiff's mortgage as well as the subsequent sale of the mortgaged Worcester, Massachusetts property. [DKT #1-1, ¶¶ 118-151]. In terms of federal causes of action, Plaintiff alleges that the Defendants violated:

- the 14th Amendment to the United States Constitution;
- the Equal Credit Opportunity Act;
- 42 U.S.C. §§ 1981 and 1982;
- 24 C.F.R. §§ 203.500, 203.604, and 203.606(a);
- the CARES Act, 15 U.S.C. § 9056(c)(2); and
- the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.[2]

As redress for these alleged violations, Plaintiff seeks both compensatory and punitive damages. [DKT #1-1 at p. 23].

### B. Plaintiff Files Suit in State Court and PennyMac Removes the Action

As noted, Plaintiff filed her Complaint in Worcester Superior Court on April 14, 2023. [DKT #12 at p. 1]. It is undisputed that, *before either Defendant had been served,* PennyMac removed the action to this Court on May 10, 2023.[3]

PennyMac proffered two bases for removal of the action to this Court: (1) because the Plaintiff's allegations, at least in part, "arise[] under the Constitution, laws, or treaties of the United States" such that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and (2) because, consequently, this

---

[2] [DKT #1-1, ¶¶ 119, 121, 129–130, 147–148]. Notably, Plaintiff also alleges that the Defendants committed various violations of Massachusetts state law. Among others, Plaintiff alleges violations of: Mass. Gen. Laws ch. 183 § 64; Mass. Gen. Laws ch. 93 § 102; Article I of the Massachusetts Constitution; 940 Mass. Code Regs. 3 and 8; 209 Mass. Code Regs. 18; and Mass. Gen. Laws ch. 93A.

[3] See [DKT #12 at p. 2] (Plaintiff explaining in her June 13, 2023 filing that she had not yet served the Defendants) and [DKT #1, ¶ 3] (PennyMac's May 10, 2023 notice of removal explaining that neither Defendant had yet been served).

Court has supplemental jurisdiction over the Plaintiff's aforementioned state law claims pursuant to 28 U.S.C. § 1367.  [DKT #1, ¶¶ 9-11].  As PennyMac correctly noted, it was not required to obtain Evolve's consent to the removal since Plaintiff had not yet served Evolve.  *Id.,* ¶ 6 (citing 28 U.S.C. § 1446(b)(2)(A)).

Plaintiff took umbrage at PennyMac's removal of the case from state court, arguing that since neither of the Defendants had yet been served, no court -- and certainly not this one -- had jurisdiction over them such that they were legally empowered to remove the case.  [DKT #12 at pp. 1-3].  Plaintiff respectfully sought clarification regarding PennyMac's removal and requested that "this extrajudicial act [i.e., the removal] be recognized as a nullity and . . . reversed." *Id.* at 3.  PennyMac timely opposed Plaintiff's motion.  [DKT #13].  Before addressing the merits of Plaintiff's objection to removal, the Court will explain the way in which it has construed Plaintiff's pleading.

**C.  Plaintiff's "Notice of Clarification and Motion to Remand to Superior Court"**

This Court is obligated to construe documents filed *pro se* liberally and in favor of the drafter. See e.g., Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (stating the rule that "*pro se* pleadings are to be liberally construed, in favor of the *pro se* party"); Fed. R. Civ. P. 8(e) ("[p]leadings must be construed so as to do justice"); 5 Charles A. Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 1286 (4th ed. 2023) (explaining that the Court is "obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires") (citations omitted).

Here, although the Plaintiff did not cite the relevant statutory provision that provides the basis for her to move to remand this action to state court,[4] this Court finds that the clear purpose of the Plaintiff's pleading was to object to removal on the grounds that it was procedurally improper.  More specifically,

---

[4] The Court finds that 28 U.S.C. § 1446(b) provides the statutory basis for Plaintiff's motion to remand.

this Court finds Plaintiff's objection stems from her belief that a plaintiff's service of an underlying state court summons and/or complaint upon a defendant constitutes a necessary prerequisite that must occur *before* a defendant may attempt to remove a civil case from state to federal court.  However, the Court notes that Plaintiff's pleading did not substantively challenge PennyMac's assertions -- in their Notice of Removal [DKT #1] -- regarding the existence of federal question and supplemental jurisdiction.[5] Reading Plaintiff's pleading liberally and in her favor, this Court construes Plaintiff's "Notice of Clarification and Motion to Remand to Superior Court" [DKT #12] as a motion for remand pursuant to 28 U.S.C. § 1446(b).

Further, this Court construes the Plaintiff's implicit request that the Court *explain* the possible justification for PennyMac's removal as part and parcel of her motion to remand.  Given this finding, and because the Court has endeavored to explain things fully and plainly throughout, the Court **DENIES AS MOOT** Plaintiff's "Motion for Clarification" [DKT #12].

## II.   PLAINTIFF'S MOTION TO REMAND

### a. First Principles

Plaintiffs are the master of their own claims, and accordingly, "determine[] in the first instance what law [they] will rely upon and where [they] will bring suit."  Egan, Flanagan and Cohen, P.C. v. Twin City Fire Ins. Co., 570 F. Supp. 3d 12, 13-14 (D. Mass. 2021) (citations omitted).  However, defendants in a civil lawsuit initiated in state court may have a limited, statutory right of removal to federal court.  A defendant may remove a civil state court case to the United States District Court for the district in which the state case was filed, so long as that federal court has "original jurisdiction" over the underlying case.  28 U.S.C. § 1446(a).  Pursuant to 28 U.S.C. § 1331, United States district courts have

---

[5] To be clear, the fact that Plaintiff did not object to Defendant's assertions regarding this Court's purported subject matter jurisdiction is not a factor in this Court's subject matter jurisdiction analysis (see below), since "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Industria Lechera De P.R. v. Beiró, 989 F.3d 116, 120 (1st Cir. 2021) (citations omitted).

"original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Federal courts may also have supplemental jurisdiction over certain state law claims, if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). When deciding if supplemental jurisdiction is proper, federal courts examine whether, as compared to the federal law claims, the state law claims "derive from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997).

As the U.S. Supreme Court has explained, whether a given claim "arises under" federal law depends on the application of the "well-pleaded complaint" rule. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Generally speaking, a suit "arises under the law that creates the cause of action." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8-9 (1983). Whether a case arises under federal law is generally "determined from what necessarily appears on the face of a plaintiff's complaint, unaided by anything alleged in the anticipation or avoidance of defenses which it is thought the defendant may interpose." Rhode Island v. Shell Oil Prods. Co., L.L.C., 35 F.4th 44, 51 (1st Cir. 2022) (citations omitted).

Importantly for present purposes, the U.S. Court of Appeals for the First Circuit has concluded that "service is generally *not a prerequisite* for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends." Novak v. Bank of N.Y. Mellon Trust Co., N.A., 783 F.3d 910, 911 (1st Cir. 2015) (*per curiam*) (emphasis added). The First Circuit further determined that 28 U.S.C. § 1446(b)(1) provides for two (2) possible thirty (30) day removal clocks: one that begins at the action's "inception" and one that begins when the defendant is served. The Court reasoned that a "defendant can remove at any time before the

5

operative removal period runs, ***including before the clock begins ticking***." Novak, 783 F.3d at 913 (emphasis added).[6]

### a. Legal Standard

A defendant seeking removal bears the burden of showing that the federal court has jurisdiction. Danca v. Private Health Care Sys. Inc., 185 F.3d 1, 4 (1st Cir. 1999). If the Court finds that it lacks subject matter jurisdiction over the removed case, the action must be remanded back to state court. 28 U.S.C. § 1447(c).

### b. Application

Here, Plaintiff's Complaint clearly asserts multiple claims that arise under federal law. Specifically, at least five (5) of the eleven (11) counts in the Complaint allege violation of federal law. Count 1 alleges, among other things, violations of the 14th Amendment to the U.S. Constitution and the federal Equal Credit Opportunity Act. Count 2 alleges violations of federal regulations related to the Fair Housing Act. Count 5 alleges violations of the CARES Act and Fair Housing Act regulations. Count 10 alleges violations of the Americans with Disabilities Act. These causes of action are created by, and therefore "arise under," federal law. See 28 U.S.C. § 1331.

Moreover, this Court has supplemental jurisdiction over the various state law claims, as they are undoubtedly part of the "same case or controversy." In Count 1, for example, Plaintiff alleged violations of Massachusetts state law right alongside alleged violations of federal law. Indeed, the notion that state law claims are part of the same case or controversy seems to actually be core to Plaintiff's theory of the case. See, e.g., [DKT #1-1, ¶¶ 93-95 (Plaintiff detailing how the consequences of Defendants' alleged violations of federal and state law caused "extreme" stress in various parts of her

---

[6] Interestingly, other Circuits have apparently reached the same conclusion on the issue of pre-service removal. See Novak, 783 F.3d at 914 (collecting cases from the Second, Fifth, and Eleventh circuits and finding that "[a]s far as we can tell, every [court to consider this issue since the controlling U.S. Supreme Court case on the issue] has concluded that **formal service is not generally required before a defendant may file a notice of removal**.") (emphasis added).

life; alleged facts that likely support her state law claims for Emotional Distress (Count 7) and Duress (Count 8))].

Turning to Plaintiff's assertions that PennyMac's removal was procedurally improper is also unavailing in light of the rule set forth in Novak. For our purposes, Novak teaches that (1) service is "generally not a prerequisite for removal" [7] and that (2) defendants may therefore remove a case to federal court before the operative 28 U.S.C. § 1446(b)(1)'s 30-day removal clocks begin to tick. Here, the Plaintiff filed her Complaint in Worcester Superior Court on April 14, 2023. PennyMac removed the case within on May 10, 2023. Regardless of whether the operative 30-day clock began to run at the "inception" of this case, or it would have begun to run upon the Plaintiff serving the Defendants, PennyMac's removal was timely. Since this Court has subject matter jurisdiction over the case, Novak controls the removal inquiry. This Court finds that removal was proper even though neither PennyMac nor Evolve had yet been served. Accordingly, Plaintiff's motion to remand fails.

## III.   CONCLUSION

Accordingly, Plaintiff's motion to remand [DKT #12] is DENIED. For the reasons set forth above, Plaintiff's "Motion for Clarification" [DKT#12] is DENIED AS MOOT.

SO ORDERED.

March 31, 2024

/s/ **Margaret R. Guzman**
Hon. Margaret R. Guzman
United States District Judge

---

[7] Novak, 783 F.3d at 911. In a footnote to the sentence in which First Circuit set forth the general rule that service is not a prerequisite to removal, the Court suggested that this general rule might not apply when removal is based on diversity grounds and where one of the defendants is a forum state citizen. See id at 911, n.1. Since this case is before this Court based on federal question jurisdiction and not diversity grounds, this Court safely assumes that the general rule necessarily applies.